UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | Case No. 04-246(3) (RMC) |
| *v.* : | |
| : | |
| PELES FRANCISCO : | |

_____

**DEFENDANT FRANCISCO'S MOTION FOR LEAVE
TO JOIN DEFENDANT MORA-GIL'S MOTION TO DISMISS INDICTMENT**

Defendant Peles Francisco ("Francisco"), by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 48(b), respectfully moves the Honorable Court for leave to join[1] Defendant David Mora-Gil's Motion to Dismiss (Document # 7) that asserts grounds for relief that Mr. Francisco has standing to raise and are not inconsistent with relief he seeks in his own motion. Mr. Francisco maintains that the defendants are similarly situated, have the same arguments to raise with respect to delay in presentment and that the Court's granting this Motion will conserve judicial resources by limiting defense counsel's filing duplicative motions.

In support of this Motion, Mr. Francisco states as follows:

1. On August 2, 2005, Agent Mark Leeper of the Immigration and Customs Enforcement Agency ("ICE") arrested Mr. Francisco pursuant to a District of Columbia Superior Court Warrant issued in case number M-8358-01. That same day, Agent Leeper executed an immigration detainer for Mr. Francisco, who was being held at the District of Columbia Jail.

2. On August 3, 2005, Magistrate Judge Alan Kay issued United States District Court Warrant number 05-287 for the arrest of Mr. Francisco for Possession of a Firearm

---

[1] At the arraignment hearing on September 26, the Court directed the parties who sought to join Mr. Mora-Gil's motion to dismiss the indictment to do so by October 28. Due to counsel's other commitments, this motion is being filed approximately two hours past the deadline and Mr. Francisco respectfully requests the Court to accept it as if had been timely filed.

by a Fugitive from Justice and for Possession of a Firearm by an Illegal Alien.  Upon information and belief, Agent Leeper was aware of this warrant at the time of its issuance.

       3.      District of Columbia Department of Corrections records indicate that Mr. Francisco was released to the custody of Agent Leeper on August 9, 2005, at 1:30 pm.  At approximately 2:00 pm that same day, Agent Leeper arrested Mr. Francisco pursuant to the District Court Warrant.

       4.      On September 22, 2005, 44 days after his arrest and detention on the District Court Warrant, and 51 days after his initial arrest by Agent Leeper, Mr. Francisco was charged in eight counts of a sixteen count, multi-defendant superseding indictment (Counts 1, 2, 3, 7, 8, 9, 10 and 11).  Mr. Francisco was arraigned on September 26, 2005.

       5.      As with Mr. Mora-Gil, and with other co-defendants, the delay between arrest and the commencement of a criminal prosecution was unnecessary and carried out solely for the purpose of the government's tactical advantage.

       6.      As a result, Mr. Francisco's position is similar to that of Mr. Mora-Gil and it would promote the efficient resolution of this multi-codefendant case to permit him to join Mr. Mora-Gil's motion to dismiss the indictment, pursuant to the provisions of Fed. R. Crim. P. 48(b).

       7.      Similarly, 18 U.S.C. 3161(b) requires that an "information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days from the date on which such individual was arrested . . . in connection with such charges." Here, Mr. Francisco was not charged with the commission of the offense for which he was arrested and detained on August 9 until September 22, 2005, a time period of 44 days.

8.  In light of this failure to comply with clear statutory time limits, the sanction of mandatory dismissal of this case is equally clear, *e.g.*, "[i]f . . . . no indictment [ ] is filed within the time limit required by section 3161(b) . . . such charge against that individual . . . *shall be dismissed* or otherwise dropped." 18 U.S.C. 3162(a)(1)(emphasis added).

## CONCLUSION

WHEREFORE, for all of the foregoing reasons and any others that may become apparent to the Court, Defendant Francisco respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
      October 28, 2005     Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**


By: _____
A. Eduardo Balarezo, Esq. (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001

*Counsel for Defendant Peles Francisco*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October 2005, I caused a true and correct copy of the foregoing Defendant Francisco's Motion for Leave to Join Defendant Mora-Gil's Motion to Dismiss Indictment to be delivered to the parties in this case via Electronic Case Filing.

_____
A. Eduardo Balarezo