IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.:  05-246-03 (RMC) |
| | : | |
| v. | : | |
| | : | |
| **PELES FRANCISCO,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 48(b)

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motion to dismiss the indictment.  In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

    The defendant seeks leave to join the Motion to Dismiss Pursuant to FRCP 48(b) filed by codefendant David Mora-Gil.  The government does not oppose the defendant's motion to join David Mora-Gil's motion.  Accordingly, the government hereby adopts by reference herein the arguments made in its Opposition to Motion to Dismiss Pursuant to FRCP 48(b), which was filed in response to defendant Mora-Gil's motion.

    In his motion, defendant Francisco also claims that dismissal should be granted based on circumstances that are unique to his case.  As discussed below, the defendant's motion should be denied.

    The defendant was arrested by U.S. Immigration and Customs Enforcement ("ICE"), on August 2, 2005, pursuant to an outstanding misdemeanor warrant, #M-835801, for a failure to appear in 2001 in a D.C. Superior Court case.  At the time of his arrest, the defendant consented to the

search of his residence. That search produced a silver Taurus revolver loaded with four .38 special live rounds. In addition, the agents discovered what appeared to be numerous fake identity documents. Furthermore, the defendant is present in the U.S. illegally. On or about August 3, 2005, the defendant was presented in D.C. Superior Court on the bench warrant.

The defendant was indicted *one day after his arrest,* on August 3, 2005, for Possession of a Firearm by a Fugitive from Justice, in violation of 18 U.S.C. § 922(g)(2), and Possession of a Firearm by an Illegal Alien, in violation of 18 U.S.C. § 922(g)(5)(A). That same day, Special Agent Leeper also executed an immigration detainer for the defendant.

In short, the defendant's arrest on August 2, 2005, was the result of the outstanding bench warrant for his arrest. Therefore, his arrest did not trigger the Speedy Trial Act.

Nevertheless, the defendant was indicted in federal court for his possession of the gun only one day after his arrest. On August 3, 2005, pursuant to the indictment, Magistrate Judge Alan Kay issued United States District Court Warrant number 05-287 pursuant to the charges under 18 U.S.C. § 922 (g)(2) (Possession of a Firearm by a Fugitive from Justice) and (g)(5)(A) (Possession of a Firearm by an Illegal Alien). Special Agent Leeper took custody of the defendant and served the warrant on August 9, 2005. Accordingly, there is no basis for his claim that the Speedy Trial Act has been violated.

On September 22, 2005, a grand jury returned a superseding indictment that included one of the gun charges, Possession of a Firearm by an Illegal Alien, and various charges related to his participation in the sale and possession of illegal identity documents.

The defendant contends that this case should be dismissed because there was unnecessary delay in presenting charges to a grand jury. Essentially, this boils down to an argument that the

government should have indicted him for the gun offenses and the illegal identity document offenses within 30 days of his arrest on August 2, 2005.  This argument has no merit.

The defendant was arrested because of an outstanding bench warrant, not because of his independent criminal acts of possessing an illegal firearm and illegal identity documents.  Since the defendant was not arrested because of those crimes, the Speedy Trial Act is inapplicable.[1]  Stated another way: the fact that the superseding indictment was obtained more than 30 days after the defendant's arrest does not constitute a speedy trial violation because the defendant was not arrested in connection with the charges contained in the superseding indictment.

WHEREFORE, the government respectfully requests that the Court deny the motion to dismiss the indictment.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                    United States Attorney
                    Bar No.  #451058

By: _____
     FREDERICK W. YETTE
     Assistant United States Attorney
     D.C. Bar No. #385391
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 353-1666
     Frederick.Yette@usdoj.gov

---

[1] The Speedy Trial Act requires that any "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges."  18 U.S.C. § 3162(b).