IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 05-246-03 (RMC) |
| : | |
| **v.** : | |
| : | |
| **PELES FRANCISCO,** : | |
| : | |
| Defendants. : | |
| : | |

## SUPPLEMENTAL OPPOSITION TO MOTION
## TO SUPPRESS STATEMENTS AND TANGIBLE EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this supplemental opposition to the defendants' motion to suppress statements and tangible evidence. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendant seeks to suppress statements that he made at the time of his arrest on August 2, 2005, and items of evidence, *i.e.*, a gun and illegal identity documents, that were seized from his apartment after his arrest. The government opposed the defendant's motion to suppress the gun and documents in an earlier pleading, filed on September 1, 2006, on grounds that the evidence was recovered pursuant to the defendant's voluntary consent to the search of his apartment.

We wish to supplement that opposition by pointing out that the evidence was also seized during a lawful search incident to the defendant's arrest. The defendant was lawfully arrested in the hallway of his apartment, a short distance from the bedroom where the evidence was recovered. Agent Leeper asked for, and received, the consent of the defendant and his girlfriend before

recovering the gun and identity documents.

Even if the defendant had not consented to the search, that search still was permissible as a search incident to the defendant's arrest. See U.S. v. Abdul-Saboor, 85 F.3d 664 (D.C. Cir. 1996); U.S. v. Wesley, 293 F.3d 541, 547 (D.C. Cir. 2002)(defendant arrested in car, which was searched after he was secured; "As long as a search is `contemporaneous with' and an `integral part of' a lawful arrest, we said, the police may search a container that was `in hand or within reach when the arrest occurs,' even if the officer has since seized it and gained exclusive control over it.").

The Abdul-Saboor case is controlling authority for this matter. In that case, the U.S. Marshals went to Abdul-Saboor's apartment in order to arrest him on an outstanding bench warrant. The defendant answered the door and allowed the Marshals to enter. He asked to change clothes and went into his bedroom, where he tried to pick up a loaded handgun. A Marshal saw that Abdul-Saboor was trying to arm himself and they immediately placed him in handcuffs. The Marshals then searched the apartment and recovered weapons and narcotics.

These circumstances are strikingly similar to those leading to Francisco's arrest. He answered his door and allowed the agents to enter. He went to his bedroom to retrieve his wallet. A short time later, he was handcuffed in the hallway, not far from the bedroom. The agents soon searched the bedroom and found the gun and illegal identity documents.

The Court of Appeals held that the search of Abdul-Saboor's apartment, after he was subdued, was a lawful search incident to his arrest. The Abdul-Saboor Court observed that "the room that was searched was within the area where the arrest occurred; moreover, it was not only an area from which the defendant in theory `might gain possession of a weapon' but the area from which he had in fact obtained a weapon." Abdul-Saboor, 85 F.3d at 669. Although Francisco did

not obtain his gun, it was certainly within the area where the arrest occurred and where he theoretically could have obtained the gun had he not been handcuffed when he was. In short, the agents had lawful authority to search the apartment after handcuffing the defendant because that was an area within his immediate control at the time of his arrest. Therefore, the gun and documents should not be suppressed.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. #451058


By:    _____
        FREDERICK W. YETTE
        Assistant United States Attorney
        D.C. Bar No. #385391
        Federal Major Crimes Section
        555 4th Street, N.W., 4th Floor
        Washington, D.C. 20530
        (202) 353-1666
        Frederick.Yette@usdoj.gov