**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 05-246-03 (RMC)** |
| | : | |
| v. | : | |
| | : | |
| **PELES FRANCISCO,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. For the reasons explained below, the government urges the Court to impose the mandatory two year sentence required for Aggravated Identity Theft (Count 8) and a consecutive sentence that falls within a Sentencing Guideline range of 18 to 24 months for Possession of a Firearm by an Illegal Alien (Count 11). The government's reasoning for this request is explained below.

The defendant seeks a sentence of two years on Count 8, plus a consecutive sentence of merely one day on Count 11. The government disagrees that such a sentence would be appropriate in light of the sentencing factors to be considered under 18 USC § 3553(a). We believe that the defendant's conduct regarding the instant offenses, as well as his prior history of engaging in the illegal identity document trade warrant the significant sentence established by Congress, in conjunction with the Sentencing Guidelines.

The defendant was arrested by U.S. Immigration and Customs Enforcement ("ICE"), on August 2, 2005, pursuant to an outstanding misdemeanor warrant, #M-835801, for a failure to appear in 2001 in a D.C. Superior Court case. At the time of his arrest, the defendant consented to the

search of his residence. That search produced a silver Taurus revolver loaded with four .38 special live rounds. In addition, the agents discovered a suitcase filled with more than 100 blank fraudulent resident alien cards and social security cards. The defendant also had document-making implements such as blank laminates, a laminating machine, and typewriter. In his wallet, agents found two sets of completed false documents for different individuals. Both sets of documents included a fake resident alien card and social security card, and at least one of the documents in each set contained a real identity number belonging to a real person other than the person named on the card.

The government suggests to the Court that the defendant would not have been entrusted with the numerous blank identity documents and document-making implements if he were not an important and respected member of his particular organization. Those blank documents represented a significant amount of cash once the documents were completed and sold. Therefore, we can reasonably infer that the defendant was a leader within the conspiracy.

Furthermore, the government is aware that this particular defendant has been participating in the conspiracy for an extended period of time, that is, since at least March, 2004. On March 26, 2004, a U.S. Postal Inspector contacted U.S. Immigration and Customs Enforcement because the Postal Inspector had executed a federal search warrant on a package containing fake identity documents that was due to be delivered to 1206 10th Street, NW, Apt. L11, Washington, D.C. The package had been mailed from Greenville, South Carolina. According to the defendant's presentence report, he lived in Greenville, South Carolina for about two years, beginning in 2001 or 2002. See Paragraph 42 of the Presentence Report.

The Postal Inspector had searched the package prior to delivery and discovered that it contained approximately 500 blank social security cards, 500 blank resident alien cards, 500 blank

permanent resident cards, 500 blank employment authorization cards and laminate material embossed with the INS seal. Those documents could be used to manufacture fake identity documents. Further investigation revealed that defendant Francisco's latent thumb print was on one of the sheets of fake resident alien cards that was being mailed to the 10th Street address in Washington, D.C. In other words, defendant Francisco had been in possession of those illegal identity documents being mailed from South Carolina to the District, and he is not a novice in the trade of manufacturing and selling illegal identity documents.

Yet, this defendant was not content merely to help make and sell the illegal identity documents. He compounded his illegal behavior by possessing a loaded handgun in his apartment. Not only that, as we know from the testimony introduced during the motions hearings in this case, the defendant normally kept the gun by his bed (where he instructed Agent Leeper to look for it) so that he would have easy access to it if the moment arrived when he thought he should use the gun.

In the government's view, based on the defendant's conduct and the goals of sentencing, he is not deserving of the leniency that he seeks with respect to Count 11, Possession of a Firearm by an Illegal Alien. The defendant knowingly entered this country in violation of the law, and then violated the law further by conspiring to sell illegal identity documents – a crime which is not harmless and insignificant. Selling fake identification documents to individuals can lead to other criminal activity. For example, many people who buy the documents are present in the U.S. illegally, and may use the documents to help obtain employment to which they are not entitled under U.S. law. Many of the fake identity cards contain real social security numbers or other identifying numbers that belong to U.S. citizens, whose identifying numbers may then be used to obtain financial credit that may eventually wreak havoc in the unsuspecting citizens' lives. Identity fraud and its criminal and

financial consequences have become major problems in this society.

Selling fake identity documents on Columbia Road has become a major criminal industry, and a lucrative one. That is apparent because individuals, particularly those who are present in the U.S. illegally, continue to flock to that area to sell illegal identity documents. The fact that the vendors seek to send much of their earnings overseas to their families does not justify their presence here or their illegal methods of earning a living. A sentence that appears to be a slap on the wrist will not deter this defendant or others from selling illegal identity documents. Thus, a fairly lengthy sentence will protect the public from defendant Francisco's participation in the illegal document industry, as well as from his potential possession and use of illegal firearms.

WHEREFORE, the government requests that the Court impose the mandatory two year sentence on Count 8, and a consecutive sentence on Count 11 that is within the sentencing guideline range of 18 to 24 months.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov