UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>)<br>v.                                            )<br>)<br>PELES FRANCISCO,                    )<br>)<br>      Defendant.               )<br>_____ ) | Criminal Action No. 05-246-03 (RMC)<br><br>**FILED**<br>DEC 1 9 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### SENTENCING MEMORANDUM

      Peles Francisco (true name Aldebaran Rodriguez-Guzman) came before the Court for sentencing on December 8, 2006. Mr. Francisco pleaded guilty to counts eight and eleven of a superseding indictment on September 26, 2006, by which he admitted guilt for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and unlawful possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). The Court sentenced him to a mandatory minimum two-year term of incarceration on the first violation and a consecutive 12-month term of incarceration, lower than the sentence of 18-to-24 months under the U.S. Sentencing Guidelines, on the gun charge. This memorandum explains why the Court concluded that a 12-month sentence was reasonable.

      Mr. Francisco is a Mexican national who entered the United States illegally. He subsequently came to Washington, D.C., where he became a member of an organization that conspired together to manufacture, possess, and sell false alien registration cards, employment authorization cards, and social security cards ("identity documents") in the 1600 through 1800 blocks of Columbia Road, N.W. Some of the identity documents used the social security numbers of real living people, which explains the charge of aggravated identity theft.

On August 2, 2005, law enforcement agents went to Mr. Francisco's apartment to execute an outstanding bench warrant for failure to appear for a trial in D.C. Superior Court. Mr. Francisco admitted the agents into the apartment without protest, acknowledged his identity and illegal presence in the United States, and told the agents that there was a gun in the apartment and where to find it. The gun, a .38 caliber Taurus revolver, was recovered from the closet. Agents also recovered more than 100 blank fraudulent resident alien cards and social security cards, blank laminates, a laminating machine, and a typewriter. Mr. Francisco testified at a suppression hearing that he had the gun to protect his common-law wife and infant child because he lived in a dangerous neighborhood.

Under the Sentencing Guidelines, the base offense level for the gun violation was 14, to which 4 points were added because the defendant used or possessed the gun in connection with another felony offense. With three points off for acceptance of responsibility, Mr. Francisco's total offense level was 15 and his criminal history category was I. This resulted in a Guidelines sentencing range of 18-24 months. The Court determined that a 12-month sentence would be "sufficient, but not greater than necessary," to fulfull the purposes of sentencing, 18 U.S.C. § 3553(a), primarily because of the "nature and circumstances of the offense and the history and characteristics of the defendant," *id.*, § 3553(a)(1), "to provide just punishment," *id.* at § 3553(a)(2)(A), "to afford adequate deterrence to criminal conduct," *id.* at § 3553(a)(2)(B), and "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C).

Mr. Francisco has no prior record. He credibly testified that he had the gun to protect his family; its recovery at the same time as the blank identity documents and related materials led

to a higher sentencing range but appear to have been related only by location and not actual use. He was fully compliant with the arresting agents and told them readily that he was here illegally and where the gun was kept. He litigated the issue of whether he was properly charged with *aggravated* identity theft when he did not know the social security numbers belonged to actual living persons but immediately entered a plea when the Court ruled against him. He is facing a mandatory two-year sentence on the aggravated identity theft charge and a mandatory consecutive sentence on the gun charge, after which he will be deported to Mexico. As sentenced, he will serve three years prior to deportation. Because of the mandatory consecutive nature of the gun sentence after the mandatory nature of the sentence on the aggravated identity theft charge, the Court found 12 months on the former to constitute just punishment, provide adequate deterrence, and protect the public. When combined with his compliant attitude as soon as he was apprehended, the Court found a 12-month sentence for the gun charge to be reasonable.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: 19 December 2006